No. 2026-___

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

IN RE: COMCAST CABLE COMMUNICATIONS, LLC d/b/a Xfinity; COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC d/b/a/ Comcast Technology Solutions,

*Petitioners*.

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in Case No. 2:24-cv-00886-JRG-RSP, Judge J. Rodney Gilstrap

## PETITION FOR A WRIT OF MANDAMUS
## WITH NON-CONFIDENTIAL APPENDIX

ASHOK RAMANI
DAVID J. LISSON
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, CA  94063
(650) 752-2000

THOMAS G. SAUNDERS
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC  20037
(202) 663-6000

GARY M. FOX
M. ELIZABETH TRUJILLO
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY  10007
(212) 230-8800

October 21, 2025                          *Attorneys for Petitioners*

# CERTIFICATE OF INTEREST

Counsel for Petitioners Comcast Cable Communications, LLC d/b/a Xfinity and Comcast Cable Communications Management, LLC d/b/a/ Comcast Technology Solutions certifies the following:

**1.      Represented Entities**. Fed. Cir. R. 47.4(a)(1).  Provide the full names of all entities represented by undersigned counsel in this case.

Comcast Cable Communications, LLC d/b/a Xfinity and Comcast Cable Communications Management, LLC d/b/a/ Comcast Technology Solutions

**2.      Real Party in Interest**. Fed. Cir. R. 47.4(a)(2).  Provide the full names of all real parties in interest for the entities.  Do not list the real parties if they are the same as the entities.

None.

**3.      Parent Corporations and Stockholders**.  Fed. Cir. R. 47.4(a)(3). Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.

Comcast Corporation

**4.      Legal Representatives**.  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

DAVIS POLK & WARDWELL LLP: Xueyao Chen, Alena Farber (former), James Y. Park

THE DACUS FIRM, P.C.:  Deron R. Dacus

YOUNG CONAWAY STARGATT & TAYLOR, LLP:  Colin A. Keith, Ryan P. Newell, Robert M. Vrana

**5.** **Related Cases**.  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

[X] Yes (file separate notice; see below)     [ ] No     [ ] N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  Please do not duplicate information.  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

Already filed.

**6.** **Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

None.

Dated:  October 21, 2025              /s/  Thomas G. Saunders
                                       Thomas G. Saunders
                                       Wilmer Cutler Pickering
                                          Hale and Dorr llp
                                       2100 Pennsylvania Avenue, NW
                                       Washington, DC  20037
                                       (202) 663-6000

# TABLE OF CONTENTS

Page

CERTIFICATE OF INTEREST ................................................................. i

TABLE OF AUTHORITIES ..................................................................... v

STATEMENT OF RELATED CASES .................................................... 1

JURISDICTION ........................................................................................ 2

RELIEF SOUGHT .................................................................................... 2

ISSUE PRESENTED ................................................................................ 2

INTRODUCTION ..................................................................................... 3

STATEMENT OF FACTS ........................................................................ 5

    A.    The Parties ............................................................................ 5

    B.    The Asserted Patents And The Accused Technology ........................... 5

    C.    Comcast's Motion To Dismiss Or Transfer To The
Eastern District Of Pennsylvania ....................................... 8

    D.    The District Court's Denial Of Comcast's Venue Motion ................. 10

REASONS WHY THE WRIT SHOULD ISSUE ................................. 11

I.    THE DISTRICT COURT APPLIED A LEGALLY ERRONEOUS
INTERPRETATION OF THE PATENT VENUE STATUTE ....................................... 12

    A.    The Patent Venue Statute Unambiguously Refers To
"Acts Of Infringement," And This Court's Precedent
Establishes Clear Rules For The Infringement Of Method
Claims ................................................................................ 12

    B.    The District Court's "One Step" Rule Is Legally
Unsupportable And Misguided ......................................... 16

    C.    Applying The Patent Venue Statute As Written And
Adhering To This Court's Precedent Will Not Leave
Plaintiffs Without A Venue ............................................... 19

II.     MANDAMUS IS NECESSARY TO RESOLVE A BASIC, UNDECIDED
        LEGAL QUESTION IMPLICATING PROPER JUDICIAL
        ADMINISTRATION THAT HAS DIVIDED THE DISTRICT COURTS ......................21

CONCLUSION ....................................................................................................27

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

APPENDIX OF EXHIBITS

### CONFIDENTIAL MATERIAL OMITTED

There is no confidential information in the petition.  The material omitted from Appendix pages Appx685-714 consists of the locations of Comcast's CDN servers; the material omitted from pages Appx730-736 consists of the location of a Comcast building and related information about that building; the material omitted from pages Appx738-739 consists of testimony by Comcast's corporate witness regarding the function of Comcast's CDN; the material omitted from pages Appx742-743 consists of the function, marketing, and support for Comcast's CDN; the material omitted from pages Appx753-754 consists of the location of Comcast's servers and where certain software is used; the material omitted from pages Appx756-757 consists of the location of Comcast's servers and certain other equipment, and where certain software is used; the material omitted from page Appx759 consists of the location, marketing, and function of Comcast's servers and certain equipment; the material omitted from pages Appx783-784 consists of the location and substance of Comcast's marketing of allegedly infringing services; the material omitted from pages Appx786-789 consists of the location of Comcast's servers and certain equipment, and the functionalities of Comcast's client devices; the material omitted from page Appx799 consists of the location where steps of the asserted claims may or may not be performed; the material omitted from pages Appx801-806 consists of the location where steps of the asserted claims may or may not be performed, and the locations for the client, Comcast's equipment, and certain software, data, and functionalities; the material omitted from page Appx813 consists of the location for certain functions of Comcast's CDN; and the material omitted from pages Appx817-819 consists of the location of Comcast's servers and other equipment and data, and the functionalities of client devices.

# TABLE OF AUTHORITIES

## CASES

Page(s)

*Alco Standard Corp. v. Tennessee Valley Authority*,
  448 F. Supp. 1175 (W.D. Tenn. 1978) ............................................................13

*AML IP, LLC v. Aldi, Inc.*,
  No. 6:21-cv-605-ADA, 2022 WL 22886483 (W.D. Tex. Oct. 20, 2022) ....18, 26

*AML IP, LLC v. American Eagle Outfitters, Inc.*,
  No. 6:21-cv-00823-ADA, 2022 WL 11456095 (W.D. Tex. Oct. 19, 2022) ......18

*AML IP, LLC v. Bath & Body Works Direct, Inc.*,
  No. 4:22-cv-216-SDJ, 2024 WL 3825242 (E.D. Tex. Aug. 13, 2024) .......*passim*

*AML IP, LLC v. Bed Bath & Beyond, Inc.*,
  No. 6:21-cv-00600-ADA, 2022 WL 1085617 (W.D. Tex. Apr. 11, 2022)........18

*AML IP, LLC v. J.C. Penney Corp.*, No. 6:21-cv-00522-ADA,
  2022 WL 10757631 (W.D. Tex. Oct. 18, 2022)....................................11, 18, 24

*BASF Plant Science, LP v. Commonwealth Science & Industrial
  Research Organisation*, 28 F.4th 1247 (Fed. Cir. 2022).............................13, 15

*Blackbird Tech LLC v. Cloudflare, Inc.*, Nos. 17-cv-283, -284,
  2017 WL 4543783 (D. Del. Oct. 11, 2017).....................................11, 13, 16, 17

*Cheney v. United States District Court*,
  542 U.S. 367 (2004).......................................................................................22

*Fourco Glass Co. v. Transmirra Products Corp.*,
  353 U.S. 222 (1957).......................................................................................20

*Grant Street Group, Inc. v. D&T Ventures, LLC*,
  No. 10-cv-1095, 2012 WL 13694 (W.D. Pa. Jan. 4, 2012)...............................17

*In re BigCommerce, Inc.*,
  890 F.3d 978 (Fed. Cir. 2018) .................................................................4, 22, 26

*In re BP Lubricants*, USA Inc.,
  637 F.3d 1307 (Fed. Cir. 2011) ......................................................................21

*In re Cray Inc.*,
    871 F.3d 1355 (Fed. Cir. 2017) .......................................................2, 17, 22, 26

*In re Google LLC*, No. 2018-152,
    2018 WL 5536478 (Fed. Cir. Oct. 29, 2018) (nonprecedential) .......................23

*In re Google LLC*,
    949 F.3d 1338 (Fed. Cir. 2020) ...............................................................22, 23, 26

*In re Kollar*,
    286 F.3d 1326 (Fed. Cir. 2002) .........................................................................14

*In re Micron Technology, Inc.*,
    875 F.3d 1091 (Fed. Cir. 2017) .........................................................................22

*In re Nintendo Co.*,
    544 F. App'x 934 (Fed. Cir. 2013) (nonprecedential).......................................21

*In re Princo Corp.*,
    478 F.3d 1345 (Fed. Cir. 2007) ...........................................................................2

*In re Queen's University at Kingston*,
    820 F.3d 1287 (Fed. Cir. 2016) .........................................................................21

*In re Stingray IP Solutions, LLC*,
    56 F.4th 1379 (Fed. Cir. 2023) ....................................................................21, 22

*In re Volkswagen Group of America, Inc.*,
    28 F.4th 1203 (Fed. Cir. 2022) ............................................................11, 22, 26

*In re ZTE (USA) Inc.*,
    890 F.3d 1008 (Fed. Cir. 2018) ....................................................................22, 26

*La Buy v. Howes Leather Co.*,
    352 U.S. 249 (1957).............................................................................................11, 22

*Lucent Technologies, Inc. v. Gateway, Inc.*,
    580 F.3d 1301 (Fed. Cir. 2009) .........................................................................13

*Mirror Worlds, LLC v. Apple Inc.*,
    692 F.3d 1351 (Fed. Cir. 2012) ...............................................................3, 13, 14

*NTP, Inc. v. Research In Motion, Ltd.*,
    418 F.3d 1282 (Fed. Cir. 2005) ...............................................3, 14, 15

*POET Research, Inc. v. Hydrite Chemical Co.*,
    No. 24-cv-01285, 2025 WL 2696411 (N.D. Ill. Sept. 22, 2025) .......................18

*RavenWhite Licensing LLC v. Home Depot, Inc.*,
    No. 2:23-cv-00423-JRG, 2024 WL 4329023 (E.D. Tex. Aug. 13, 2024)....18, 24

*Schlagenhauf v. Holder*,
    379 U.S. 104 (1964)........................................................21

*SEVEN Networks, LLC v. Google LLC*,
    315 F. Supp. 3d 933 (E.D. Tex. 2018)................................8, 10, 16, 17

*Sightline Payments, LLC v. Everi Holdings Inc.*,
    No. 6:21-cv-01015-ADA, 2022 WL 2078215 (W.D. Tex. June 1, 2022) .........18

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
    581 U.S. 258 (2017)........................................................20, 26

## DOCKETED CASES

*Convergent Assets LLC v. The Home Depot, Inc.*,
    No. 4:24-cv-739 (E.D. Tex.)..................................................25

*Convergent Assets LLC v. Ulta Beauty, Inc.*,
    No. 4:24-cv-568 (E.D. Tex.)..................................................25

*Intellectual Ventures I LLC v. J.P. Morgan Chase Bank, National Association*, No. 2:23-cv-523 (E.D. Tex.)..........................................24

*International Business Machines Corp. v. Zillow Group, Inc.*,
    No. 8:19-cv-1777 (C.D. Cal.) ................................................24

*Quartz Auto Technologies LLC v. Lyft, Inc.*,
    No. 6:20-cv-156 (W.D. Tex.) ................................................24

## STATUTES AND RULES

28 U.S.C.
    § 1295 ......................................................................................... 2
    § 1391 ....................................................................................... 20
    § 1400(b) ........................................................................... *passim*
    § 1406(a) .................................................................................... 8
    § 1651(a) .................................................................................... 2

35 U.S.C. § 271 ....................................... 12, 13, 14, 15, 18, 24

Fed. R. Civ. P. 12(b)(3) ............................................................. 8

## OTHER AUTHORITIES

5 Annotated Patent Digest § 36:153.80 ................................... 13

60 Am. Jur. 2d Patents § 739 ................................................. 13

## STATEMENT OF RELATED CASES

This petition for a writ of mandamus challenges the district court's denial of a motion to dismiss or, in the alternative, transfer a patent-infringement suit brought by Sandpiper CDN, LLC ("Sandpiper CDN") against Comcast Cable Communications, LLC d/b/a Xfinity ("Comcast Cable"), and Comcast Cable Communications Management, LLC d/b/a Comcast Management Solutions ("Comcast Management," and together with Comcast Cable, "Comcast").[1]  The venue motion sought dismissal or transfer from the Eastern District of Texas to the Eastern District of Pennsylvania.  No other appeal in or from this same proceeding was previously before this Court or another appellate court.

Sandpiper CDN asserts U.S. Patent No. 8,478,903 (among other patents) in this case.  Sandpiper CDN has also asserted the '903 patent in *Sandpiper CDN, LLC v. Microsoft Corp.*, No. 2:25-cv-664 (E.D. Tex.), and *Sandpiper CDN, LLC v. Google LLC*, No. 2:24-cv-3951 (C.D. Cal.).  The '903 patent is also the subject of a pending IPR petition in *Google LLC v. Sandpiper CDN, LLC*, IPR2025-00969 (P.T.A.B.).  On October 10, 2025, the Director denied Sandpiper CDN's motion for discretionary denial.  Counsel for Comcast is not aware of any other case that could directly affect or be directly affected by the Court's decision in this matter.

---

[1]    Sandpiper CDN's complaint also named Comcast Corp. as a defendant, Appx9-10(¶5), but the parties later stipulated to drop that entity from the case, Appx716-719 (stipulation); Appx723 (order).

## JURISDICTION

This Court has jurisdiction to issue a writ of mandamus to a district court in a patent-infringement action under 28 U.S.C. §§ 1295, 1651(a).  *E.g.*, *In re Cray Inc.*, 871 F.3d 1355, 1358 (Fed. Cir. 2017); *see also In re Princo Corp.*, 478 F.3d 1345, 1351 (Fed. Cir. 2007) (outlining this Court's mandamus jurisdiction).

## RELIEF SOUGHT

Comcast requests that the Court grant this mandamus petition, vacate the district court's order denying Comcast's venue motion, and direct the district court to dismiss or, alternatively, transfer the case.

## ISSUE PRESENTED

Whether a defendant's alleged performance of a ***single step*** of a claimed multi-step method in a judicial district is insufficient to establish that "the defendant has committed acts of infringement" in the district for purposes of venue under 28 U.S.C. § 1400(b).

# INTRODUCTION

This petition raises an important, recurring question of statutory interpretation relating to venue that has split the district courts—with two judges who decide more than 20% of venue motions in all U.S. patent cases applying a rule that defies the text of 28 U.S.C. § 1400(b) and this Court's precedent. Section 1400(b) allows a patentee to sue outside "the judicial district where the defendant resides" only in a district "where the defendant has committed ***acts of infringement*** and has a regular and established place of business."[2] For method claims, an act of infringement occurs when someone performs all steps of the claimed method. *E.g.*, *Mirror Worlds, LLC v. Apple Inc.*, 692 F.3d 1351, 1358 (Fed. Cir. 2012). Thus, for there to be "acts of infringement" in a judicial district, ***all*** steps of the method must be performed in the district. Indeed, in addressing the parallel question whether a method claim was infringed "within the United States," this Court has already held that all steps of the method must be performed within this country. *NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1318 (Fed. Cir. 2005). Nonetheless, the district court held that a defendant engages in "acts of infringement" for venue purposes whenever there is an allegation that the defendant performs a ***single step*** of a claimed method in the district. That was legal error.

---

[2]    All emphases added unless otherwise indicated.

When a plaintiff asserts only direct infringement of method claims (as Sandpiper CDN does here) and does not even allege that the defendant performed every step in a judicial district (again the case here), the plaintiff cannot establish venue in that district because it is not "where the defendant has committed acts of infringement." 28 U.S.C. § 1400(b). This straightforward interpretation of the venue statute does not leave the plaintiff without a forum, but merely requires the plaintiff to find another district in which "the defendant has committed acts of infringement and has a regular and established place of business" or else file suit "where the defendant resides." *Id*.

The district court's legally erroneous "one step" rule, which conflicts with the statute and black-letter law, presents the type of "'basic' and 'undecided'" venue question that "will inevitably be repeated" and warrants "immediate consideration via mandamus." *In re BigCommerce, Inc.*, 890 F.3d 978, 981 (Fed. Cir. 2018). A split has already emerged in two of the most active patent jurisdictions in the country, with Judge Gilstrap and Judge Albright repeatedly applying the "one step" rule, and Judge Jordan rejecting it. There is no prospect of this split resolving itself without this Court's intervention, as the district court in this case once again rebuffed a request to conform its rule to the statute and this Court's case law. This Court's prompt intervention is urgently needed to ensure that district courts uniformly apply Section 1400(b) as written.

## STATEMENT OF FACTS

### A.   The Parties

Sandpiper CDN is a Delaware limited liability company with its principal place of business in Wilmington, Delaware.  Appx9(¶2).  The patents-in-suit originated with Sandpiper Networks Inc., a separate company founded in 1996 in California.  Appx13-14(¶17).  Sandpiper Networks merged a few years later with Digital Island, Inc., which Level 3 acquired in 2007.  Appx14(¶¶22-23).  Last year, Level 3 sold the asserted patents to Sandpiper CDN, which was named "in homage" of the company from the 1990s.  Appx21(¶¶34-35).

Comcast Cable and Comcast Management are limited liability companies organized under Delaware law.  Appx9(¶¶3-4).  The parties agree that neither defendant resides in the Eastern District of Texas, and each has its principal place of business in the Eastern District of Pennsylvania.  Appx9-10(¶¶3-5).

### B.   The Asserted Patents And The Accused Technology

In November 2024, Sandpiper CDN sued Comcast in the Eastern District of Texas.  Appx8-659.  Sandpiper CDN asserts only ***method*** claims.  Appx30-31(¶63); Appx44(¶76); Appx56(¶87); Appx65(¶97); Appx71(¶105); Appx83.[3]

---

[3]   Sandpiper CDN's infringement contentions initially asserted claims 1-5, 7-11, 13, and 15-17 of U.S. Patent No. 9,628,347; claims 1, 7-9, 11-17, 20, and 21 of U.S. Patent No. 9,660,876; claims 28-32 and 36-39 of U.S. Patent No. 8,478,903; claims 11 and 13-20 of U.S. Patent No. 7,013,322; and claims 1, 2, 7, 8, and 15-18 of U.S.

Each asserted patent purports to cover improvements to the functionality of a content delivery network ("CDN"), and each asserted claim recites a method performed by equipment. *See* Appx86-659. For example, asserted claim 1 of the '692 patent recites a series of steps performed by a first CDN server and a second CDN server. *See, e.g.*, Appx638-659. In particular, claim 1 covers a "method of content delivery in a content delivery network," reciting a "first server in the first tier of servers" performing steps such as "obtaining a request from a client" and "determining if the resource is popular." Appx658(13:14-23). If the resource is "determined to be popular," the "first server serv[es] the resource to the client." Appx658(13:24-26). Otherwise, the first server "direct[s] the client to a second server in a second tier of servers distinct from the first tier" and the "second server serve[s] the resource to the client." Appx658(13:27-29, 40). These steps are all actions that must be performed by equipment (here, the servers).

Sandpiper CDN's infringement theory rests on several pieces of software allegedly used by Comcast's CDN. Specifically, Sandpiper CDN identified Apache Traffic Control, Apache Traffic Server, and the traffic router as the elements of Comcast's CDN that allegedly practice the method steps for almost all the asserted patents. *E.g.*, Appx56(¶87) ("[T]he accused Comcast CDN technologies, includ[e],

---

Patent No. 9,762,692. *See* Appx666 & n.2. Sandpiper CDN subsequently dropped the '322 patent. Appx793. All asserted claims are method claims.

for example, ATC and Apache Traffic Server[.]"); *see also* Appx30-31(¶63); Appx65(¶98); Appx71(¶106); Appx773-774 ("The Accused Comcast CDN Functionalities include the Comcast products and services using Apache Traffic Control[.]"). The exception is the '876 patent, for which Sandpiper CDN accused event logging using Apache Kafka. Appx44(¶76); Appx50-51(¶81); Appx778-779.

Sandpiper CDN never alleged that Comcast performed ***all*** steps of the asserted method claims in the Eastern District of Texas. In fact, Sandpiper CDN did not establish that ***any*** accused software runs on any equipment in the Eastern District of Texas.

Moreover, Comcast provided affidavits—which went unrefuted even after venue discovery—attesting that its CDN equipment is ***not*** in the Eastern District of Texas. For example, in a signed declaration, Comcast's manager of CDN operations provided a list of the locations for all of Comcast's CDN servers (Appx685-714) and explained that none is in the Eastern District of Texas (Appx681(¶6)). The manager also explained that the "mid-tier assembly and edge tier servers referenced" by Sandpiper CDN (Appx19(¶30)) "are located outside of the Eastern District" (Appx681(¶7)). As for the accused software, like "Apache Traffic Control … and associated plugins," the manager explained that "[t]o the extent such software is used by Comcast's CDN, it would reside on Comcast's CDN servers, which … are located outside the Eastern District." Appx681(¶8).

7

### C.     Comcast's Motion To Dismiss Or Transfer To The Eastern District Of Pennsylvania

In January 2025, Comcast filed a motion to dismiss or, in the alternative, to transfer the case for improper venue. Appx666 (citing 28 U.S.C. §§ 1400(b), 1406(a); Fed. R. Civ. P. 12(b)(3)). As relevant here, Comcast argued that no acts of alleged infringement have been committed in the Eastern District of Texas.

The district court had previously concluded in *SEVEN Networks, LLC v. Google LLC*, 315 F. Supp. 3d 933, 944-945 (E.D. Tex. 2018), that performance of a ***single step*** of a claimed method in the district is sufficient to satisfy Section 1400(b)'s "acts of infringement" requirement. Comcast acknowledged the *SEVEN Networks* decision, but asked the district court to reconsider its earlier ruling and to follow a more recent decision by another district court, which held that "act[s] of infringement" under Section 1400(b) occur only when ***every*** step of a claimed method is performed in the district. Appx675 (citing *AML IP, LLC v. Bath & Body Works Direct, Inc.*, 2024 WL 3825242, at *3 (E.D. Tex. Aug. 13, 2024)). The *Bath & Body Works* ruling relied on this Court's holding in *NTP* that "a defendant does not 'use' a patented method 'within' the United States … 'unless ***each*** of the steps is performed within this country.'" *Id.* (quoting *Bath & Body Works*, 2024 WL 3825242, at *3). In addition to arguing that it does not perform ***all*** steps of the claimed methods in the Eastern District of Texas, Comcast further argued that, in fact, it does not perform ***any*** step of the claimed methods in the district, as none of

8

the accused servers allegedly performing the operative steps of the claims is located in the Eastern District of Texas.  Appx674-675.

Despite conducting venue discovery, Sandpiper CDN failed to rebut Comcast's showing that the accused equipment is not located in the Eastern District of Texas.  Nor did Sandpiper CDN even argue that Comcast performs all steps of the asserted claims in the district.  Instead, Sandpiper CDN focused on isolated phrases in the claims (*e.g.*, "obtaining a request from a client") that it alleged had a nexus to the Eastern District of Texas.  Appx732.  Sandpiper CDN then relied on the district court's "own precedent" in *SEVEN Networks* requiring only "one step" to be performed in the district.  Appx737.

In reply, Comcast maintained that the district court should reconsider the *SEVEN Networks* rule and instead hold that a method is performed within a district only if all steps are performed there.  Appx750.  Comcast emphasized the workability of its approach, as venue will always be proper where a U.S. defendant resides, or in the case of a foreign defendant, in any district.  Appx750 n.2.  Comcast also reiterated that, regardless of the applicable legal rule, no act of infringement occurred in the Eastern District of Texas because no step of any claimed method was performed there, as Comcast's unrefuted declarations plainly demonstrated.  Appx751-755.

On sur-reply, Sandpiper CDN again urged adherence to *SEVEN Networks*. Appx783; Appx786.

### D.    The District Court's Denial Of Comcast's Venue Motion

On August 13, 2025, Magistrate Judge Payne recommended denying Comcast's venue motion.    Appx3-7.    The report and recommendation ("R&R") stated:  "As this Court has previously said, it is sufficient to establish that acts of infringement were committed within this District for venue purposes when ***at least one step of a method claim*** is performed in this district."  Appx6 (citing *SEVEN Networks*, 315 F. Supp. 3d at 944-945).    Then, with little analysis, the R&R determined that for each patent, Sandpiper CDN "provide[d] at least ***one step*** that it alleges is performed in this District."  Appx6.  For support, the magistrate judge generally cited several pages from Sandpiper CDN's briefing (Appx731-733).  The R&R did not identify which step is allegedly performed in the Eastern District of Texas for any patent, let alone for each patent.

Comcast timely filed objections to the report and recommendation.  Appx795-807.  Comcast argued that the R&R and the underlying decision in *SEVEN Networks* are inconsistent with this Court's decision in *NTP* and the principle that someone must practice ***all*** steps of a claimed method to infringe.  Appx800.  Comcast also repeated its argument that no steps are performed in the Eastern District of Texas. Appx801-806.

In response, Sandpiper CDN argued that the magistrate judge "properly applied" the district court's "clear and established precedent to the facts of this case." Appx813.  Sandpiper CDN relied on *SEVEN Networks* and other district court decisions purportedly holding that "one step" allegations are sufficient.  Appx814-815 (citing *Blackbird Tech LLC v. Cloudflare, Inc.*, 2017 WL 4543783, at *4 (D. Del. Oct. 11, 2017); *AML IP, LLC v. J.C. Penney Corp. Inc.*, 2022 WL 10757631, at *6 (W.D. Tex. Oct. 18, 2022)).

The district judge overruled Comcast's objections and adopted the magistrate judge's R&R in a half-page order.  Appx1.  Without further analysis, the order stated that the district judge "conduct[ed] a *de novo* review of the briefing" and "agree[d] with the reasoning provided within the Report and Recommendation."  *Id.*

## REASONS WHY THE WRIT SHOULD ISSUE

This Court has repeatedly granted writs of mandamus to resolve "basic, undecided" legal questions regarding the interpretation of 28 U.S.C. § 1400(b) that are "important to 'proper judicial administration'" or have led to "disagreement among district courts" on a "recurring issue."  *In re Volkswagen Grp. of Am., Inc.*, 28 F.4th 1203, 1207 (Fed. Cir. 2022) (quoting *La Buy v. Howes Leather Co.*, 352 U.S. 249, 259-260 (1957)).  The Court should do so again in this case to resolve a fundamental, recurring venue issue that has split the district courts:  whether a defendant's alleged performance of a ***single step*** of a claimed multi-step method in

11

a judicial district establishes that "the defendant has committed acts of infringement" in the district for purposes of venue under 28 U.S.C. § 1400(b). The answer to that question is clearly "no." The district court's "one step" approach defies the statutory text and this Court's precedent. Every day the "one step" rule remains uncorrected, parties continue to be subjected to inconsistent rulings and forced to litigate in improper venues, contrary to principles of proper judicial administration. The Court should grant mandamus to resolve the divide in the district courts and correct the erroneous legal interpretation applied in this case.

## I.   THE DISTRICT COURT APPLIED A LEGALLY ERRONEOUS INTERPRETATION OF THE PATENT VENUE STATUTE

### A.   The Patent Venue Statute Unambiguously Refers To "Acts Of Infringement," And This Court's Precedent Establishes Clear Rules For The Infringement Of Method Claims

Section 1400(b) provides: "Any civil action for patent infringement may be brought [1] in the judicial district where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Thus, if a plaintiff does not sue where the defendant resides, it must establish that the defendant has a regular and established place of business and committed "acts of infringement" in the plaintiff's desired forum.

The meaning of "acts of infringement" under Section 1400(b) is determined by reference to the statute defining patent infringement, 35 U.S.C. § 271. For

example, in *BASF Plant Science, LP v. Commonwealth Science & Industrial Research Organisation*, 28 F.4th 1247 (Fed. Cir. 2022), this Court affirmed the district court's determination that a party's actions established venue under Section 1400(b) because they were a "use[]" under 35 U.S.C. § 271(a) and, "[f]or that reason," "an infringing act … in the district." *Id.* at 1263-1264. Numerous other authorities establish this link between the patent venue statute and the statutory definition of patent infringement.[4]

This Court's cases establish that infringement of a method claim requires the performance of *all* steps of the claimed method, not merely the performance of only *some* steps. *E.g.*, *Mirror Worlds*, 692 F.3d at 1358 ("To infringe a method claim, all steps of the claimed method must be performed."); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1317 (Fed. Cir. 2009) (similar articulation of same rule). Thus, in *Mirror Worlds*, the Court affirmed the district court's grant of judgment of no direct infringement as a matter of law because there was no evidence

---

[4]    *E.g.*, *Blackbird*, 2017 WL 4543783, at *3 ("What constitutes an act of infringement is determined by reference to the definition of patent infringement in 35 U.S.C. § 271(a)[.]"); *Alco Standard Corp. v. Tennessee Valley Auth.*, 448 F. Supp. 1175, 1182 (W.D. Tenn. 1978) ("[T]he meaning of 'acts of infringement' in [Section] 1400(b) must be determined by reference to 35 U.S.C. [§] 271(a)."). *See generally* 60 Am. Jur. 2d Patents § 739 ("The acts of infringement referred to in the patent venue statute are those acts defined by the statute dealing with infringement."); 5 Annotated Patent Digest § 36:153.80 (collecting cases).

in the record about anyone performing all the steps of the claimed method. *See* 692 F.3d at 1358-1359.

Beyond the rule regarding ***how many*** method steps must be performed for there to be infringement, this Court has established a clear rule regarding ***where*** method steps must be performed for infringement to occur in a particular location. In *NTP*, the Court considered the meaning of "within the United States" in the statutory definition of infringement. Specifically, the issue was "whether the using, offering to sell, or selling of a patented invention is an infringement under [S]ection 271(a) if a component or step of the patented invention is located or performed abroad." *NTP*, 418 F.3d at 1315. With respect to method claims, the Court held that the answer is "no." *Id.* at 1318.

In *NTP*, the Court held that ***all*** steps of a claimed method must be performed within this country for the method to be used "within the United States" under Section 271(a). The Court began its analysis in *NTP* by explaining how the "use" of a patented method is "fundamentally different from the use of a patented system or device." 418 F.3d at 1317. Products, devices, and apparatuses are "tangible items," while a process "consists of a series of acts or steps … and therefore has to be carried out or performed." *Id.* (quoting *In re Kollar*, 286 F.3d 1326, 1332 (Fed. Cir. 2002)). Thus, as discussed, it is "'well established that a patent for a method or process is not infringed unless ***all*** steps or stages of the claimed process are

14

utilized.'" *Id.* at 1317-1318 (citation omitted).  In light of these principles, the Court held that a method or process is not used "within the United States" under Section 271(a) unless "***each*** of the steps is performed within this country." *Id.* at 1318. Because one step of the method was undisputedly performed abroad, there was no infringement of the claimed method. *Id.*

*NTP*'s logic applies with equal force to method steps performed across multiple judicial districts. *Bath & Body Works*, 2024 WL 3825242, at *3 ("Although *NTP* concerned Section 271(a), the same reasoning should apply to Section 1400(b), as both statutes consider the location of the alleged infringement."); *see also BASF*, 28 F.4th at 1263-1264 (linking the interpretation of Section 1400(b) to Section 271(a)).  The statute instructs that venue is proper "in the judicial district … ***where*** the defendant has committed ***acts of infringement***." 28 U.S.C. § 1400(b).  This plain language requires an infringing act within a particular district, just as the language of Section 271(a) requires infringement "within the United States."  And just as *NTP* establishes that there is no infringement of a method "within the United States" unless all steps are performed in the United States, there cannot be "infringement" of a method "in the judicial district" unless all steps are performed in the district. *See Bath & Body Works*, 2024 WL 3825242, at *3 ("Applying *NTP*'s reasoning to the Section 1400(b) context, it follows that a defendant does not use a method or

process in a judicial district unless each of the steps is performed within that district.").

## B.    The District Court's "One Step" Rule Is Legally Unsupportable And Misguided

Cases that have endorsed a "one step" approach have not meaningfully engaged with *NTP*'s core reasoning. Those cases instead cite the district court's flawed decision in *SEVEN Networks*. Here, for instance, the district court doubled down on *SEVEN Networks* by adopting the magistrate judge's report and recommendation applying the *SEVEN Networks* rule despite Comcast's request to rethink that rule.

*SEVEN Networks* is mistaken many times over. In *SEVEN Networks*, Google cited *NTP* in similarly arguing that the plaintiff failed to plead that Google committed an infringing act in the Eastern District of Texas because the plaintiff failed to allege that Google performed all steps of the claimed method in the district. *SEVEN Networks*, 315 F. Supp. 3d at 943. The district court brushed Google's argument aside, reasoning that it was "previously rejected by the courts." *Id.* (citing *Blackbird*, 2017 WL 4543783, at *4).

But the *Blackbird* case that *SEVEN Networks* relied on never eschewed an "all steps" rule in favor of the "one step" rule. In *Blackbird*, the district court did not address whether the performance of a single method step in a district is sufficient for venue. *Blackbird* acknowledged the plaintiff's position that "under [S]ection

16

1400(b), a method claim is infringed within a district only if the whole system is put into service there." 2017 WL 4543783, at *4. The court did not dispute that principle. But the plaintiff in *Blackbird* asserted both method ***and*** apparatus claims. *Id*. With multiple types of claims at issue, the court reasoned that "not ***all*** of the alleged infringing activity needs to have occurred" within the district "so long as some act of infringement took place there." *Id.* (emphasis in original). That statement does not refer to partial performance of a multi-step method. Whether multiple infringing ***acts*** are split across districts is not the same as whether multiple ***steps*** for one infringing act are split across districts.

Other citations in *SEVEN Networks* fare no better. Seeking additional support for a "one step" rule, the district court in *SEVEN Networks* dropped a cryptic footnote citing *Grant Street Group, Inc. v. D&T Ventures, LLC*, 2012 WL 13694 (W.D. Pa. Jan. 4, 2012). *See* 315 F. Supp. 3d at 943 n.12. But *Grant Street* is irrelevant. The question there was whether the district court had personal jurisdiction over a defendant under this Court's three-part test for specific jurisdiction. 2012 WL 13694, at *3. The question here is whether venue is proper under Section 1400(b), and this Court has cautioned "not to conflate showings that may be sufficient for other purposes, *e.g.*, personal jurisdiction … with the necessary showing to establish proper venue in patent cases." *Cray*, 871 F.3d at 1361.

*SEVEN Networks*' erroneous "one step" rule was thus flawed from the outset, and it has now metastasized.  For instance, there are numerous Section 1400(b) cases from the Eastern District and Western District that have relied on *SEVEN Networks*' "one step" rule.  *E.g.*, *RavenWhite Licensing LLC v. Home Depot, Inc.*, 2024 WL 4329023, at *1 (E.D. Tex. Aug. 13, 2024); *AML IP, LLC v. Aldi, Inc.*, 2022 WL 22886483, at *5 & n.1 (W.D. Tex. Oct. 20, 2022); *AML IP, LLC v. American Eagle Outfitters, Inc.*, 2022 WL 11456095, at *6 & n.1 (W.D. Tex. Oct. 19, 2022); *J.C. Penney*, 2022 WL 10757631, at *6 & n.1; *AML IP, LLC v. Bed Bath & Beyond*, 2022 WL 1085617, at *5 (W.D. Tex. Apr. 11, 2022).[5]

By contrast, a different judge in the Eastern District of Texas reached the opposite—and correct—outcome by analyzing the text of Section 1400(b) and this Court's precedent to require the performance of all claimed method steps in a district to establish venue there.  In *Bath & Body Works*, the district court was confronted with precisely the same situation presented here, namely, a motion to dismiss for improper venue because the defendant did not perform all steps of the claimed method in the district.  2024 WL 3825242, at *3.  Reading Section 271(a) together

---

[5]     Other cases cited the "one step" rule but ultimately concluded that there were insufficient allegations of even a single step of the claimed method being performed within the district.  *POET Research, Inc. v. Hydrite Chem. Co.*, 2025 WL 2696411, at *7 (N.D. Ill. Sept. 22, 2025); *Sightline Payments, LLC v. Everi Holdings Inc.*, 2022 WL 2078215, at *8 (W.D. Tex. June 1, 2022).

with *NTP*, the court explained that "a method is only used within a location if each step is performed in that location." *Id.* Thus, "it follows that a defendant does not use a method or process in a judicial district unless each of the steps is performed within that district." *Id.* The plaintiff did "not allege that ***all*** of the steps take place" in the district, nor could it because uncontroverted declarations established that data centers performed certain steps outside the district. *Id.* (emphasis in original). The court thus granted the defendant's venue motion, as improper venue was "reason alone" to dismiss. *Id.* That is precisely the same analysis the district court here should have followed, but instead it extended its legal error from *SEVEN Networks* by denying Comcast's motion.

### C. Applying The Patent Venue Statute As Written And Adhering To This Court's Precedent Will Not Leave Plaintiffs Without A Venue

Properly interpreting Section 1400(b)'s "acts of infringement" requirement does not deprive plaintiffs of a venue. Sandpiper CDN argued in the district court that "acts of infringement" needs to be interpreted loosely to avoid leaving plaintiffs without a forum. But even if there ends up being no district in which the plaintiff can meet the statutory requirements to show "acts of infringement" and a "regular and established place of business" under the second prong of the venue statute, the first prong provides a viable venue in every case: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides[.]"

28 U.S.C. § 1400(b). The Supreme Court has held that "where the defendant resides" in Section 1400(b) means the defendant's state of incorporation. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 261-262 (2017) (citing *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 226 (1957)). Thus, plaintiffs can always sue in a district in the state where the defendant is incorporated, *see* 28 U.S.C. § 1391(d), or in any federal judicial district if the defendant is a foreign corporation that is not organized under any state's law, *id.* § 1391(c)(3).

Although the proper interpretation of Section 1400(b) may leave plaintiffs with fewer options than Sandpiper CDN would like, the patent venue statute does not always provide multiple options for where infringement suits may proceed. For instance, if a defendant has its only regular and established place of business in the same state where it is incorporated, then a plaintiff has no choice but to sue where the defendant resides regardless of where it allegedly infringes. Similarly, if the defendant does not commit acts of infringement in a district, the plaintiff must sue where the defendant resides even if the defendant has a regular and established place of business in the plaintiff's preferred district. That result is not anomalous; it is precisely what Congress intended in carefully crafting the two prongs of Section 1400(b).

## II.    MANDAMUS IS NECESSARY TO RESOLVE A BASIC, UNDECIDED LEGAL QUESTION IMPLICATING PROPER JUDICIAL ADMINISTRATION THAT HAS DIVIDED THE DISTRICT COURTS

Mandamus is appropriate here because the issue of what qualifies as the alleged infringement of a claimed method under Section 1400(b) is a fundamental legal question implicating judicial administration that has divided the district courts and has not been squarely addressed by this Court.

In line with Supreme Court precedent, this Court has held that "mandamus may be used in narrow circumstances where doing so is important to proper judicial administration, such as when an appellate court corrects a district court's answers to basic, undecided legal questions concerning judicial administration." *In re Stingray IP Sols., LLC*, 56 F.4th 1379, 1382 (Fed. Cir. 2023) (cleaned up); *see also In re BP Lubricants, USA Inc.*, 637 F.3d 1307, 1313 (Fed. Cir. 2011) (mandamus warranted to address "basic and undecided" question that generated "considerable disagreement" among trial courts); *Schlagenhauf v. Holder*, 379 U.S. 104, 110-111 (1964) ("an issue of first impression" can present "unusual circumstances" warranting mandamus relief). In such circumstances, mandamus is necessary "to further supervisory or instructional goals where issues are unsettled and important." *In re Queen's Univ. at Kingston*, 820 F.3d 1287, 1291 (Fed. Cir. 2016) (citing *In re Nintendo Co.*, 544 F. App'x 934, 936 (Fed. Cir. 2013)); *see also Stingray*, 56 F.4th at 1382 ("[S]upervisory control of the District Courts by the Courts of Appeals is

21

necessary to proper judicial administration in the federal system." (quoting *La Buy*, 352 U.S. at 259-260)).[6]

Notably, this Court has repeatedly granted mandamus to ensure proper application of Section 1400(b). *In re Micron Tech., Inc.*, 875 F.3d 1091, 1095 (Fed. Cir. 2017) (collecting cases); *see also, e.g.*, *Volkswagen*, 28 F.4th at 1207; *Cray*, 871 F.3d at 1360-1364; *BigCommerce*, 890 F.3d at 981-984; *In re ZTE (USA) Inc.*, 890 F.3d 1008 (Fed. Cir. 2018). In fact, this Court granted mandamus to overturn a venue decision that relied on a separate portion of the ***same* SEVEN Networks *decision*** that gave rise to the "one step" rule at issue here. *In re Google LLC*, 949 F.3d 1338, 1343-1345 (Fed. Cir. 2020). Just as this Court granted mandamus in *Google* to reverse *Seven Networks*' independent error on Section 1400(b)'s "regular and established place of business" requirement, it should grant mandamus here to stop the spread of *SEVEN Networks*' separate error on "acts of infringement."

Whether the alleged performance of only one method step is sufficient to establish venue is an important question of judicial administration. The answer to

---

[6]    Traditionally, mandamus is appropriate when (1) the petitioner demonstrates a clear and indisputable right to the writ, (2) the petitioner has no other adequate means to attain relief, and (3) the Court is satisfied that the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380-381 (2004). When this Court grants mandamus to ensure proper judicial administration, however, it has "not separately required petitioners to show satisfaction of *Cheney*'s three requirements." *Stingray*, 56 F.4th at 1382.

that question determines whether patent-infringement lawsuits may be brought in one judicial district or must be brought in another. The question presented is also one of first impression before this Court.[7] To be sure, this Court's precedent effectively dictates that "acts of infringement" in Section 1400(b) requires a plaintiff to allege that the defendant performs all steps of a claimed method in the judicial district. *Supra* § I.A. But the Court has not yet had the opportunity to address the issue directly. Because the issue is squarely presented here and the decision below turned on it, this mandamus petition provides a good vehicle for the Court to address this pure question of law that has evaded the Court's review.

As discussed, the district courts are irreconcilably divided on this question. Judge Jordan in the Eastern District of Texas correctly applied *NTP* to hold that "a defendant does not use a method or process in a judicial district unless **each** of the steps is performed within that district." *Bath & Body Works*, 2024 WL 3825242, at *3. By contrast, other judges are committed to their erroneous view that the performance of only a single method step in a judicial district is sufficient to

---

[7]    There was a mandamus petition on the "one step" rule in the *SEVEN Networks* proceedings, but the plaintiff dropped its method claims to moot the issue and to prevent this Court from reaching it, *see In re Google LLC*, 2018 WL 5536478, at *3 n* (Fed. Cir. Oct. 29, 2018) (per curiam), and the "one step" issue was not raised when this Court later granted mandamus to overturn other portions of *SEVEN Networks*, *see Google*, 949 F.3d at 1343-1345.

establish venue there. *E.g.*, *RavenWhite*, 2024 WL 4329023; *J.C. Penney*, 2022 WL 10757631; *see supra* p. 18 & n.5 (collecting cases).[8]

As the district judge's order in this case demonstrates, courts applying the erroneous "one step" rule have shown no interest in reevaluating whether *SEVEN Networks* was rightly decided. Appx1 (adopting the magistrate judge's mechanical application of the "one step" rule). Moreover, the two judges who most frequently cite *SEVEN Networks*' "one step" rule—Judge Gilstrap and Judge Albright—have recently decided a disproportionate share of all patent venue motions filed across the country.[9]

---

[8] Several other cases implicating the "one step" rule have been dismissed or transferred for other reasons. *E.g.*, *International Bus. Machines Corp. v. Zillow Grp., Inc.*, No. 8:19-cv-1777-JLS, Reply Br. 10-13 (C.D. Cal. Feb. 7, 2020), ECF No. 58 (arguing against the "one step" rule and critiquing *SEVEN Networks*); *id.*, ECF No. 96 (May 28, 2020) (granting motion to transfer for the convenience of the parties); *Intellectual Ventures I LLC v. J.P. Morgan Chase Bank, Nat'l Ass'n*, No. 2:23-cv-523-JRG, Opening Br. 7 & n.8 (E.D. Tex. Aug. 21, 2024), ECF No. 68 (acknowledging the split on the "one step" rule, and arguing for an "all steps" approach); *id.*, ECF No. 110 (Jan. 17, 2025) (granting joint motion to dismiss); *Quartz Auto Techs. LLC v. Lyft, Inc.*, No. 6:20-cv-156-ADA, Reply Br. 9-10 (W.D. Tex. June 4, 2020), ECF No. 18 (arguing that 28 U.S.C. § 1400(b) and 35 U.S.C. § 271 should be applied consistently); *id.*, ECF No. 30 (July 4, 2020) (granting joint stipulation to transfer).

[9] As a rough estimate, DocketNavigator identifies 3,532 patent venue motions for cases filed since 2017, with 7.4% before Judge Gilstrap (263 cases) and 14.6% before Judge Albright (514 motions). Appx823-825. In total, these judges account for more than a fifth (22%) of the patent venue motions heard across the country.

The significant number of cases already presenting the same issue warrants this Court's use of its supervisory mandamus power, and there are still more pending cases in which parties are actively litigating the issue. For instance, in the Eastern District of Texas alone, there are at least two cases with pending motions to dismiss in which the defendants argue that venue is improper because the plaintiff failed to allege that ***all*** method steps were performed in the district. *Convergent Assets LLC v. Ulta Beauty, Inc.*, No. 4:24-cv-568-SDJ, Reply Br. 2-3 (E.D. Tex. Dec. 6, 2024), ECF No. 21; *Convergent Assets LLC v. The Home Depot, Inc.*, No. 4:24-cv-739-SDJ, Reply 2-4 (E.D. Tex. Jan. 27, 2025), ECF No. 39. The plaintiff in both cases relies on *SEVEN Networks* to argue that "performing ***one*** step of a patented method … is sufficient." *Ulta Beauty*, Sur-Reply 1-2 (Dec. 20, 2024), ECF No. 38; *Home Depot*, Sur-Reply 1-2 (Jan. 31, 2025), ECF No. 41 (same). But both cases are before Judge Jordan, who properly rejected the "one step" rule in *Bath & Body Works*.

Without guidance from this Court, the chasm between the district courts will only widen further, encouraging forum-shopping. Within the Eastern District of Texas, whether a plaintiff may pursue a direct-infringement case on a method claim where there is no complete act of infringement in the district depends on where the plaintiff chooses to file. If the plaintiff files in Marshall, Texas, the case will proceed in the Eastern District. If the plaintiff files in the Sherman Division and draws the judge from *Bath & Body Works*, the case will proceed in a different district. And if

25

the plaintiff's case is assigned to a different judge in the Eastern District or is filed in another court, the venue determination will depend on whether the judge follows *SEVEN Networks* or *Bath & Body Works*.  Matters of judicial administration should not turn on forum-shopping or the assignments of judges.  Section 1400(b) is supposed to apply uniformly nationwide, and this Court's intervention is urgently needed to ensure it is given the same meaning in all courts.

The "acts of infringement" requirement in the patent venue statue is the rare part of Section 1400(b) for which neither the Supreme Court nor this Court has recently had an opportunity to provide guidance in mandamus proceedings.  *See TC Heartland*, 581 U.S. at 260-261 (meaning of "where the defendant resides"); *Volkswagen*, 28 F.4th at 1207 (meaning of "regular and established place of business");  *Cray*, 871 F.3d at 1361-1362 (same); *Google*, 949 F.3d at 1343-1345 (same); *BigCommerce*, 890 F.3d at 981-984 (where a corporation "resides" in all judicial districts in its state of incorporation); *ZTE*, 890 F.3d at 1011 (choice of law and burden of proof).  Although the "acts of infringement" requirement has traditionally been less contentious than Section 1400(b)'s other requirements, the meaning of "acts of infringement" has been a "growing" area for challenges.  *Aldi*, 2022 WL 22886483, at *6.

If the order below is allowed to stand, the district court's "one step" rule for venue based on the alleged direct infringement of method claims will subject

numerous defendants to lawsuits in forums where they have not committed any "acts of infringement" and where they should not be forced to litigate. This Court should not allow the problem to fester—and should not allow cases to proceed in the wrong forums in the interim—when clear instructions will conclusively resolve the basic, undecided legal issue presented. This Court should intervene now to enforce both Section 1400(b) as Congress wrote it and the clear implications of this Court's own precedent.

## CONCLUSION

The Court should grant the petition, vacate the district court's order denying Comcast's venue motion, and direct the district court to dismiss or transfer the case.

Respectfully submitted,

/s/  Thomas G. Saunders

ASHOK RAMANI                            THOMAS G. SAUNDERS
DAVID J. LISSON                         WILMER CUTLER PICKERING
DAVIS POLK & WARDWELL LLP                   HALE AND DORR LLP
900 Middlefield Road, Suite 200         2100 Pennsylvania Avenue, NW
Redwood City, CA  94063                 Washington, DC  20037
(650) 752-2000                          (202) 663-6000

                                        GARY M. FOX
                                        M. ELIZABETH TRUJILLO
                                        WILMER CUTLER PICKERING
                                            HALE AND DORR LLP
                                        7 World Trade Center
                                        250 Greenwich Street
                                        New York, NY  10007
                                        (212) 230-8800

                                        *Attorneys for Petitioners*

October 21, 2025

## CERTIFICATE OF SERVICE

I certify that, on this 21st day of October, 2025, I filed the foregoing with the Clerk of the U.S. Court of Appeals for the Federal Circuit via the CM/ECF system, which will send notice of such filing to all registered CM/ECF users, and I caused a copy to be served via email and overnight courier to the following:

ROBERT H. RECKERS
ANDREW M. LONG
CESAR A. UDAVE
SHOOK HARDY & BACON LLP
600 Travis Street, Suite 3400
Houston, TX 77002-2926
(713) 227-8008
rreckers@shb.com
amlong@shb.com
cudave@shb.com

MELISSA RICHARDS SMITH
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
(903) 934-8450
melissa@gillamsmithlaw.com

I also certify that on the 21st day of October, 2025, I caused a copy of the foregoing to be served via email and overnight courier to the U.S. District Judge:

The Honorable J. Rodney Gilstrap
United States District Court for the
Eastern District of Texas
100 East Houston Street
Marshall, TX 75670
(903) 935-3868

/s/ Thomas G. Saunders
THOMAS G. SAUNDERS
WILMER CUTLER PICKERING
    HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 663-6000

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because:

1.     The filing has been prepared using a proportionally spaced typeface and includes 6,197 words.

2.     The filing has been prepared using Microsoft Word for Office 365 in 14-point Times New Roman font.  As permitted by Fed. R. App. P. 32(g), the undersigned has relied upon the word-count feature of this word-processing system in preparing this certificate.

/s/ Thomas G. Saunders

THOMAS G. SAUNDERS
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC  20037
(202) 663-6000

October 21, 2025